J-S33033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS MCKEITHAN | : | |
| | : | |
| Appellant | : | No. 427 EDA 2021 |

Appeal from the PCRA Order Entered January 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0101441-1983

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 26, 2022**

Dennis McKeithan appeals from the denial of his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He argues that the PCRA court erred by dismissing his petition as untimely. We affirm.

A jury convicted McKeithan of five counts of robbery, one count of conspiracy, and one count of possessing an instrument of crime. The trial court sentenced him to an aggregate term of 57 to 115 years' incarceration. We affirmed the judgment of sentence and McKeithan did not file a petition for allowance of appeal to our Supreme Court. **See Commonwealth v. McKeithan**, 496 A.2d 852 (Pa.Super. filed May 10, 1985) (unpublished memorandum).

McKeithan filed the instant counseled petition, his sixth, seeking in the alternative a reversal of his convictions, the vacation of his sentence, or the

grant of a new trial. PCRA Petition, filed 8/30/19. He acknowledged the untimeliness of the petition and raised both the governmental interference and newly discovered fact time-bar exceptions. *Id.* at 29. For the governmental interference exception, McKeithan alleged the Commonwealth had presented perjured testimony, withheld exculpatory evidence, and committed prosecutorial misconduct. *Id.* at 29-30. For the newly discovered fact exception, he alleged that the Commonwealth's star witness, Jean Wilson, had recanted. *Id.* at 31.

Regarding Jean Wilson's testimony, McKeithan alleged that he raised the claim within one year of learning this information, as Wilson was interviewed on May 31, 2018. *Id.* at ¶ 111. He also maintained that he was diligent in contacting Wilson. He alleged that "[w]hen he learned from a fellow parishioner that she was a member of a Philadelphia church he wrote to the pastor. He attempted to have outside supporters call and reach Wilson for an interview." *Id.* at ¶ 112. McKeithan did not specify when he learned this information from the parishioner. He did allege that investigators contacted Wilson in January 2018 and she eventually agreed to be interviewed in May 2018. *Id.* She also signed an affidavit in August 2018. A portion of Wilson's affidavit is below, in which she claimed that she was pressured to identify McKeithan as a participant in the robbery and that her trial testimony was not correct.

> The police and the prosecution asked me to identify Dennis
> McKeithan as one of the individuals who came into the bar
> and robbed the bar and the patrons. I had repeatedly told

them that [McKeithan] did not rob the bar and that he was not in the bar during the robbery. However, they kept on telling me that he was there and showing me pictures. They kept on and on.

All of this pressure confused me. Since [McKeithan] was sitting at the defense table at trial, it seemed like I had to name him as a robber. So, I did identify him as a robber at trial.

However, my testimony at trial was not correct. Dennis McKeithan was not in the Sweet Love Lounge that night. I did not see him during the robbery. He was not one of the robbers.

*Id.* at Exhibit B (Wilson Affidavit), dated 8/22/18, at ¶¶ 8-10.

On March 4, 2020, McKeithan filed an amended PCRA petition with permission of the court, alleging new evidence from his co-defendant, Derrick Harold, and a trial witness, Robin Fears. He attached statements from both. *See* Amended PCRA Petition, filed 3/4/20, at Exhibit S (Harold Statement, dated 8/25/19) and T (Fears Statement, dated 9/2/19). He noted that his *pro bono* team initially contacted Harold in the Summer of 2019 "after an intensive internet search[.]" Amended PCRA Petition at ¶ 136. McKeithan stated that Harold gave a statement on August 25, 2019, after being contacted by McKeithan's attorneys. *Id.* at ¶ 119. In his statement, Harold alleged that McKeithan was not at the Sweet Love Lounge and had no part in the robbery. Harold Statement, at ¶ 4. He also stated that he was brought to the courthouse to testify in McKeithan's case but was not called to testify. *Id.* at ¶ 14.

Regarding Fears, McKeithan stated that after his attorneys contacted her on September 3, 2019, Fears gave a statement. Amended PCRA Petition at ¶ 121. In her statement, Fears reported that she "may have been confused about the identification of [McKeithan] as a robber." Fears Statement at ¶14. Additionally, she stated that "because everyone was saying that it was him Dennis Solo McKeithan, I assumed it was him." *Id.* at ¶ 15.

The Commonwealth filed a motion to dismiss the petition as untimely. The PCRA court filed a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 and denied McKeithan's petition, concluding that it was untimely and that he failed to satisfy any time-bar exception. This timely appeal followed.

McKeithan raises the following issues:

> I.      Whether the PCRA Court erred in dismissing Mr. McKeithan's petition as untimely filed on its face when Mr. McKeithan properly pleaded that he had met the government interference exception to the timeliness requirement under § 9545(b)(1)(i)?
>
> II.     Whether the PCRA Court erred in dismissing Mr. McKeithan's petition as untimely filed on its face when Mr. McKeithan properly pleaded that he had met the "unknown facts" exception to the timeliness requirement under § 9545(b)(1)(ii)?
>
> III.    Whether the PCRA Court abused its discretion in dismissing Mr. McKeithan's petition as untimely filed on its face without first granting leave for Mr. McKeithan to amend his pleadings under Pa.R.C.P. 905(A) and Pa.R.C.P. 907(1)?
>
> IV.     Whether the PCRA Court abused its discretion in dismissing Mr. McKeithan's petition as untimely filed as a matter of fact without first holding an evidentiary

hearing when Mr. McKeithan raised material issues of fact underlying his claim that met the government interference exception to the timeline requirement under § 9545(b)(1)(i)?

V. Whether the PCRA Court abused its discretion in dismissing Mr. McKeithan's petition as untimely filed as a matter of fact without first holding an evidentiary hearing when Mr. McKeithan raised material issues of fact underlying his claim that met the "unknown facts" exception to the timeliness requirement under § 9545(b)(1)(ii)?

VI. Whether the PCRA court err[ed] by improperly imposing a "due diligence" requirement on the government interference exception to the timeliness requirement under § 9545(b)(1)(i) when no due diligence requirement appears in the statutory text?

VII. Whether [McKeithan's] right to an impartial tribunal was violated when the PCRA court ruled on his claims before the court examined the evidence proffered in support of those claims – as revealed after the filing of [McKeithan's] statement of issues complained of an appeal?

McKeithan's Br. at 2-4 (answers of trial court omitted).

We review the grant or denial of PCRA relief by determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

In his first issue,[1] McKeithan claims that he satisfied the governmental interference time-bar exception based on "the new evidence provided by Jean

_____

[1] McKeithan's brief violates Pa.R.A.P. 2119(a), which requires the argument portion of an appellate brief to be divided into as many parts as there are questions to be argued. McKeithan's statement of questions involved lists
*(Footnote Continued Next Page)*

Wilson and [] the new evidence provided by the [District Attorney's Conviction Integrity Unit ("CIU")]." McKeithan's Br. at 27. He alleges that the 2018 interview that she gave shows that she gave a statement to police exonerating him but that it was destroyed when the case file was destroyed, which he learned from the CIU. He maintains that this rises to the level of a **Brady**[2] violation.

A petitioner must file a PCRA petition within one year after the judgment of sentence becomes final. "[A] judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). After the one-year deadline, a petitioner must plead and prove at least one of the time-bar exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

seven issues, but the argument is divided into only four sections. Although confusing, we will not quash as we believe we have been able to understand McKeithan's arguments. To the extent we have misunderstood an issue or failed to address a point, it is waived. **See Lemenestrel v. Warden**, 964 A.2d 902, 911 n.5 (Pa.Super.2008).

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). The exception must be raised within one year of the date that the claim could have been presented. *Id.* at § 9545(b)(2).[3]

To establish the governmental interference time-bar exception, McKeithan had to plead and prove that the government interfered with his ability to raise a claim "in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i). A *Brady* violation exists where: "(1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the prosecution has suppressed the evidence, either willfully or inadvertently; and (3) the evidence was material, meaning that prejudice must have ensued." *Commonwealth v. Bagnall*, 235 A.3d 1075, 1086 (Pa. 2020) .

A *Brady* violation may meet the governmental interference exception, but the petitioner must show that the withheld information could not have been ascertained earlier through the exercise of due diligence. *See*

---

[3] For claims arising before December 24, 2017, a petitioner must raise the exception within 60 days of the date the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263,1268 (Pa. 2008). Due diligence does not require "perfect vigilance [or] punctilious care" but rather "reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief[.]" ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa.Super. 2015).

Here, McKeithan's claim under the governmental interference time-bar fails. First, his claim of a ***Brady*** violation is one of speculation. In her statement to McKeithan's investigators, Wilson stated that she told the police that McKeithan did not rob the bar and was not in the bar. There is nothing in her statement in support of McKeithan's PCRA petition suggesting that the police memorialized this into a written statement. Thus, McKeithan fails to show that his failure to raise his claim was a result of governmental interference.

Furthermore, his claim regarding potential exculpatory information in the police file is meritless as it is also speculative. McKeithan claims that it is not speculative that "the CIU has uncovered evidence of widespread ***Brady*** violations that generally plagued the Philadelphia police department during this time; and (b) new evidence was located in [McKeithan's] case by the CIU that gives weight to his specific ***Brady*** claim." McKeithan's Br. at 30. He also maintains that he did not have access to the information provided by the CIU before 2018. ***See id.***

McKeithan in effect asks us to assume misconduct occurred in his case because the CIU has found alleged misconduct in other cases. We cannot do

as he asks. As the PCRA petitioner, McKeithan bears the burden of pleading and proving the applicability of a time-bar exception. Even accepting as true everything McKeithan has pleaded, for purposes of argument, his allegations of occurrences in other cases is insufficient to raise an inference that similar things happened in McKeithan's case. As the PCRA court concluded, McKeithan's suggestion that exculpatory information had to have been within the police files that were destroyed is speculative. It does not satisfy the governmental interference time-bar exception.

McKeithan also failed to satisfy the due diligence requirement of this exception. McKeithan did not plead any reason he could not have obtained this evidence earlier. He has not explained why he could not have received this information from Wilson before 2018.

In his second issue, McKeithan claims he met the unknown facts time-bar exception. The "unknown facts" on which McKeithan predicates his claim include Wilson's recantation, Harold's statement, and Fears' statement. **See** McKeithan's Br. at 35. He maintains that he acted with due diligence in obtaining the new facts, citing his *pro se* incarcerated status. He argues that "the Pennsylvania Supreme Court has noted that incarcerated prisoners have a particular lack of access to public records and legal research that is relevant to timeliness inquiries." **Id**. at 22-23, 36, 38 (citing **Commonwealth v. Burton**, 158 A.3d 618, 637-38 (Pa. 2017)).

To establish the unknown fact time-bar exception, McKeithan had to plead and prove that "(1) the facts upon which the claim [is] predicated were

unknown and (2) could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (citing 42 Pa.C.S.A. § 9545(b)(1)(ii)). "[T]he focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted). The PCRA court again concluded that McKeithan failed to satisfy the due diligence prong of the time bar exception. It concluded that McKeithan did not explain what efforts he took to obtain these new facts from the witnesses presented in his PCRA petition.

McKeithan did not meet the unknown fact time-bar exception because he did not plead sufficient facts to meet the due diligence requirement. He did not explain why he could not have attained the "unknown facts" earlier with the exercise of due diligence. His petition alleged that he had outside supporters reach out to Wilson, but he did not specify when this occurred or why this could not have happened sooner.

As to the remaining witnesses, Fears and Harold, he did not identify the efforts he made to contact them before 2018. We therefore cannot assess whether he exercised due diligence during that time. McKeithan mentions his *pro se* incarcerated status as a reason for his inability to obtain this information, but this does not cure his failure to allege the efforts, if any, he made to contact any of these individuals. Furthermore, McKeithan has not always proceeded *pro se*, which he admits. Even assuming his *pro se* status

at certain times excuses his failure to act during those times, it does not explain his inaction when he has had counsel.[4]

McKeithan maintains that the "mere fact" that he "knew that Ms. Wilson had lied at trial does not mean that he could have obtained her recantation near or at the time of trial." *Id.* at 41. In support, he cites *Commonwealth v. Cobbs*, 759 A.2d 932, 934-35 (Pa.Super. 2000), *Commonwealth v. McCracken*, 659 A.2d 541, 545 (Pa. 1995), and *Commonwealth v. Medina*, 92 A.3d 1210, 1217-18 (Pa.Super. 2014). These cases are distinguishable. In *Medina*, we concluded that the petitioner had satisfied the unknown fact exception based on a recantation from a witness. The recanting witness in *Medina* unequivocally identified Medina at trial as the perpetrator of the crime. *Medina*, 92 A.3d at 1217. Similarly, in *McCracken*, our Supreme Court noted that the recanting witness consistently identified *McCracken* at trial and at the preliminary hearing. *McCracken*, 659 A.2d at 549. In both cases, the appellate court concluded that the witnesses' consistent testimony at trial gave the appellant no reason to believe that the witnesses would later recant their testimony. *See McCracken*, 659 A.2d at 549; *Medina*, 92 A.3d at 1217-18.

The same cannot be said for the case herein. Unlike the cases discussed above, McKeithan stated in his PCRA petition that Wilson's identification of him

---

[4] McKeithan stated in the court below that although he "refers to prior counsel being 'less than-competent' and that he has been 'effectively abandoned by counsel,' he does not do so to assert Ineffective Assistance of Counsel (IAC) claims." Response to Notice of Intent to Dismiss at 13.

was "always hesitant." Amended Petition at ¶ 32. He admitted that she did not identify him at trial as a one of the individuals "who first entered the bar." *Id.* He also noted that she testified at trial that she told police on the night in question that the bar was robbed by three people, "none of whom were [McKeithan]." *See* Amended Petition at ¶ 32. As for Fears, McKeithan stated in his petition that he noted Fears "only half-heartedly implicated [McKeithan]" and contradicted the testimony of other witnesses by stating that no one mentioned "Solo," McKeithan's nickname, on the night of the robbery. *See* Amended Petition at ¶ 50.

This case thus presents a different situation than that in *McCracken* and *Medina*. In those cases, the courts determined that the witnesses' solid testimony did not give the defendant a reason to investigate the validity of the testimony. Here, McKeithan himself terms the testimony in question as "always hesitant" and "half-hearted." Pursuant to *McCracken* and *Medina*, McKeithan had reason to investigate. He thus failed to meet the due diligence requirement by failing to explain why he delayed in doing so.

As for Harold, who did not testify at trial, McKeithan did not explain what efforts he made to discover what Harold's testimony would have been if he had decided to testify. *See Brown*, 111 A.3d at178 (concluding appellant failed to meet due diligence prong of newly discovered fact time-bar exception where appellant failed to explain the efforts he made to contact witness regarding additional details he had about the case).

Finally, McKeithan's reference to **Cobbs** is utterly inapposite. **Cobbs** is distinguishable as it involved the substantive after-discovered evidence exception, not the unknown fact time-bar exception. **See Cobbs**, 759 A.2d at 934-35. Moreover, the evidence at issue there was deposition testimony obtained in a post-conviction civil suit. This Court summarily declared that such testimony "could not have been discovered prior to or at the trial." 759 A.2d at 935. That is a different situation than the one we face in this case. Here, McKeithan failed to plead facts that, if true, would establish he exercised due diligence. The court did not err in concluding that McKeithan failed to properly plead this exception.

McKeithan next claims that the PCRA court erred by not allowing him to amend his petition "to provide additional details and/or dates regarding his prior efforts to obtain the new evidence of innocence presented in his petition." McKeithan's Br. at 47. He argues that pursuant to Pennsylvania Rule of Criminal Procedure 905, an amendment to a PCRA petition "shall be freely allowed to achieve substantial justice." **Id.** (quoting Pa.R.Crim.P. 905(A)). He also maintains that in his response to the court's Rule 907 notice, he requested leave to amend his petition. **Id.** at 48-49. McKeithan's claim is meritless.

It is within the discretion of the PCRA court to grant or deny a request to amend a PCRA petition. **See Commonwealth v. Crispell**, 193 A.3d 919, 930 (Pa. 2018); Pa.R.Crim.P. 905(A) ("The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time"). Rule 905 provides that an amendment to a PCRA petition "shall be freely allowed

to achieve substantial justice." Pa.R.Crim.P. 905(A). However, merely asking the court to amend and the court not ruling on that request is not enough to show an abuse of discretion. Moreover, when McKeithan asked the PCRA court for leave to amend, McKeithan did not say what he would include in the amendment. On appeal, McKeithen belatedly maintains that he should have been allowed "to provide additional details and/or dates" for his prior efforts to seek the new evidence presented in his petition. **See** McKeithan's Br. at 47. However, he did not plead this before the PCRA court. He did not specify what if any details or dates he would have included in the amended petition. We therefore cannot say that the PCRA court, without knowing something about what McKeithan intended to put in the amended petition, abused its discretion in refusing to allow the amendment. **See Commonwealth v. Williams**, 828 A.2d 981, 988 (Pa. 2003) ("The statutory word 'may' as contrasted with 'shall' signals a discretionary rather than a mandatory act").

In his fourth and fifth issues, McKeithan maintains that the PCRA court erred by not holding an evidentiary hearing on his claims that he satisfied the governmental interference and newly discovered facts time-bar exceptions. A PCRA petitioner does not have an automatic right to an evidentiary hearing. **See Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa.Super. 2008). A PCRA court need only hold a hearing if there is a genuine issue of material fact. **See id.** Because we have concluded that McKeithan did not adequately plead these exceptions, the PCRA court did not err in not holding an evidentiary hearing.

McKeithan also claims that the PCRA court erred by imposing a due diligence requirement for the governmental interference exception "when no due diligence requirement appears in the statutory text[.]" McKeithan's Br. at 4. McKeithan acknowledges that binding precedents include a due diligence analysis as an element of the governmental interference time-bar exception. *See id.* at 31 (citing *Abu-Jamal* and *Commonwealth v. Breakiron*, 781 A.2d 94 (Pa. 2001)). However, he argues that "the precedent is in peril and should be overruled." *Id.* We are in no position to do so even if we were so inclined. This issue warrants no relief. *See Commonwealth v. Reed,* 107 A.3d 137, 143 (Pa.Super. 2014) (stating this Court follows current precedent unless overruled by our Supreme Court).

McKeithan's final claim is that the PCRA court ruled on his PCRA petition without considering the entire record. *See* McKeithan's Br. at 50. He alleges that after the court had dismissed his PCRA petition, and after he had filed a Rule 1925(b) statement, the judge's clerk contacted defense counsel because the judge could not access some of the exhibits attached to the PCRA petition. The clerk asked counsel if he would send the exhibits by email. Based on the court's request, McKeithan maintains that the court ruled on his petition "without first reviewing the full record[.]" *Id.* at 54.

This issue is meritless. This claim is utterly speculative, and indeed, the sequence of events on its face defeats it. The trial court dismissed his petition, and then after McKeithan filed his Rule 1925(b) Statement, during the time in which it would have been drafting its opinion, the court asked McKeithan's

counsel for copies of documents because it could not access some of them. That does not mean that the court did not review all relevant materials before ruling on the petition. Rather, at most it means that the court wanted to refer to the documents while it was drafting its opinion.[5] We affirm the order of the PCRA court dismissing the PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2022

---

[5] Although McKeithan raised this claim for the first time on appeal, we do not find waiver. The request occurred almost two months after McKeithan had filed his Rule 1925(b) statement. *See* McKeithan's Br. at Exhibit B.